*PEB* 06.14.22
CEM USAO#2021R00687

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
| | * | |
| **v.** | * | **CRIMINAL NO.** RDB-22-219 |
| | * | |
| **MICHAEL AKAME NGWESE AY** | * | **(Conspiracy to Commit Wire Fraud,** |
| **MAKOGE, a/k/a "Hype," "2Hype",** | * | **18 U.S.C. § 1349; Wire Fraud, 18** |
| **DEMENTROUS Von SMITH, a/k/a** | * | **U.S.C. § 1343; Aggravated Identity** |
| **"Meecho," "El Meecho",** | * | **Theft, 18 U.S.C. § 1028A; Stealing** |
| **NADINE MAHORO MWAMIKAZI,** | * | **Keys Adopted by the Post Office, 18** |
| **SKY TIFFANY LAWSON,** | * | **U.S.C. 1704; Forfeiture, 18 U.S.C. §** |
| **CHRISTOPHER THOMAS YANCY,** | * | **981(a)(1)(C), 21 U.S.C. § 853(p), 28** |
| **a/k/a "Lil Bhris," "Lil Chris",** | * | **U.S.C. § 2461(c))** |
| **SAYQUAN LEON BRIDGES, a/k/a** | * | |
| **"Quan",** | * | |
| **CHRISTIAN MALIK ADREA, a/k/a** | * | |
| **"Leak," "Lil Leak",** | * | |
| **STEPHAWN MALIK WATSON,** | * | |
| **a/k/a "O-Dawg;" and** | * | |
| **AIYANNA MONE WASHINGTON,** | * | |
| **a/k/a "Yanna"** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

****** ***

USDC- BALTIMORE
'22 JUN 21 PM 1:25

## INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.     Defendant **MICHAEL AKAME NGWESE AY MAKOGE, a/k/a "Hype,"**

**"2Hype" ("MAKOGE")** was a resident of Laurel, Maryland.

2.     Defendant **DEMENTROUS VON SMITH, a/k/a "Meecho," "El Meecho"**

**("VON SMITH")** was a resident of Waldorf, Maryland.

3.　　　Defendant **NADINE MAHORO MWAMIKAZI ("MWAMIKAZI")** was a resident of Silver Spring, Maryland.

4.　　　Defendant **SKY TIFFANY LAWSON ("LAWSON")** was a resident of Bowie, Maryland.

5.　　　Defendant **CHRISTOPHER THOMAS YANCY, a/k/a "Lil Bhris," "Lil Chris" ("YANCY")** was a resident of Laurel, Maryland

6.　　　Defendant **SAYQUAN LEON BRIDGES, a/k/a "Quan" ("BRIDGES")** was a resident of Bowie, Maryland.

7.　　　Defendant **CHRISTIAN MALIK ADREA, a/k/a "Leak," "Lil Leak" ("ADREA")** was a resident of Mitchellville, Maryland.

8.　　　Defendant **STEPHAWN MALIK WATSON, a/k/a "O-Dawg" ("WATSON")** was a resident of District Heights, Maryland.

9.　　　Defendant **AIYANNA MONE WASHINGTON,** a/k/a **"Yanna" ("WASHINGTON")** was a resident of Glenarden, Maryland.

### Background on Maryland and California Unemployment Insurance

10.　　　In Maryland, a former employee of a business who has lost his or her job can contact the Maryland Department of Labor ("MD DOL") and submit a claim for unemployment insurance ("UI") benefits. Claims for UI benefits are commonly submitted electronically through the use of the Internet and Internet-capable computers or other electronic devices. If the former employee meets certain requirements, including having received sufficient wages prior to separation, they become eligible to receive UI benefits.

11.　　　Prior to April 2021, if MD DOL approved a UI claim, Bank of America ("BOA"), pursuant to a contract with MD DOL, would create and mail a BOA Prepaid VISA debit card with

2

the claimant's name on it, to the claimant based upon information received from MD DOL. MD DOL would subsequently authorize the electronic application of UI benefits to the debit card and continue to do so on a periodic basis if the claimant continued to file for benefits.

12.     The California Employment Development Department ("EDD") administers the UI program for residents and others physically performing work activities in California. Regular UI claimants must typically be: (1) unemployed through no fault of their own; (2) able and available to work; (3) willing to accept suitable work; and (4) actively seeking work. A person who receives UI funds from one state workforce agency is not able to file or receive funds from another state during the same timeframe.

13.     Prior to the CARES Act, to be eligible for UI benefits administered by EDD, a person must have been employed in California and received at least a certain amount of wages from an employer in the 12 months preceding his or her UI benefits claim. Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

**The Effect of COVID-19 and Federal Legislation on State Unemployment Insurance**

14.     On March 18, 2020, the President of the United States signed into law the Families First Coronavirus Response Act (FFCRA), which provided additional flexibility for state unemployment insurance agencies and additional administrative funding to respond to the COVID-19 pandemic.

15.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020. It expanded states' ability to provide UI for many workers impacted by the COVID-19 pandemic, including for workers who are not ordinarily eligible for unemployment benefits.

3

16.     The CARES Act created the Pandemic Unemployment Assistance ("PUA") program. Under PUA, states are permitted to provide PUA to individuals who are self-employed, seeking part-time employment, or otherwise would not qualify for regular UI compensation.

17.     To qualify for PUA benefits, an individual must not be eligible for regular UI benefits and be unemployed, partially unemployed, or unable or unavailable to work because of certain health or economic consequences of the COVID-19 pandemic.

18.     The CARES ACT also established the Pandemic Emergency Unemployment Compensation ("PEUC") program.

19.     PEUC covers most individuals who have exhausted all rights to regular UI compensation under state or federal law and who are able to work, available for work, and actively seeking work as defined by state law.

20.     PEUC also gives States the flexibility in determining whether an individual is actively seeking work if the individual is unable to search for work because of COVID-19, including because of illness, quarantine, or movement restrictions.

21.     The CARES ACT also established the Federal Pandemic Unemployment Compensation ("FPUC") program.

22.     From April 4, 2020, through July 31, 2020, FPUC allowed States to give an additional $600 per week to individuals collecting regular UI compensation, PEUC, PUA, and other approved UI benefit programs by the State.

23.     FPUC was reauthorized in December 2020, and beginning in January 2021, FPUC allows States to provide an additional $300 per week to individuals collecting regular UI compensation, PEUC, PUA, and other approved UI benefit programs by the State. The additional, $300-per-week FPUC benefits are set to expire on September 6, 2021.

4

## The Conspiracy and Scheme to Defraud

24.     From in or about February 2020 through in or about October 2021, in the District

of Maryland and elsewhere, the defendants,

**MICHAEL AKAME NGWESE AY MAKOGE, a/k/a "Hype," "2Hype;"**
**DEMENTROUS Von SMITH, a/k/a "Meecho," "El Meecho;"**
**NADINE MAHORO MWAMIKAZI,**
**SKY TIFFANY LAWSON,**
**CHRISTOPHER THOMAS YANCY, a/k/a "Lil Bhris," "Lil Chris;"**
**SAYQUAN LEON BRIDGES, a/k/a "Quan;"**
**CHRISTIAN MALIK ADREA, a/k/a "Leak," "Lil Leak;"**
**STEPHAWN MALIK WATSON, a/k/a "O-Dawg;"** and
**AIYANNA MONE WASHINGTON, a/k/a "Yanna"**

and others unknown to the Grand Jury, did knowingly and willfully conspire, confederate, and

agree to commit wire fraud, that is to knowingly and willfully devise and intend to devise a scheme

and artifice to defraud and to obtain money from victims, by means of materially false and

fraudulent pretenses, representations, and promises, to wit, impersonating victims for the purposes

of submitting fraudulent UI claims (the "scheme to defraud"), and for the purpose of executing

and attempting to execute such scheme to defraud, the defendants, **MAKOGE, VON SMITH,**

**MWAMIKAZI, LAWSON, YANCY, BRIDGES, ADREA, WATSON, WASHINGTON**, and

others unknown to the Grand Jury, did knowingly transmit and cause to be transmitted in interstate

commerce by means of a wire communication, certain signals, signs, and sounds, for the purposed

of executing the scheme to defraud, in violation of 18 U.S.C. § 1349.

## Manner and Means

25.     It was part of the conspiracy and scheme to defraud that **MAKOGE, VON**

**SMITH, MWAMIKAZI, LAWSON, YANCY, BRIDGES, ADREA, WATSON,**

**WASHINGTON**, and others unknown to the Grand Jury, obtained the names, dates of birth, and

social security numbers ("personally identifiable information") of victims, without lawful authority.

26.     It was further part of the conspiracy and scheme to defraud that the defendants, and others unknown to the Grand Jury, used electronic messages, phone calls, electronic mail, and other means to aggregate and exchange the personally identifiable information of victims with each other, and with others not known to the Grand Jury.

27.     It was further part of the conspiracy and scheme to defraud that the defendants used personally identifiable information taken from victims to prepare and submit fraudulent applications for UI benefits in Maryland and California.

28.     It was further part of the conspiracy and scheme to defraud that the defendants submitted UI applications containing fraudulent representations, including, for example, the victims' contact information, that the victims lived in a particular state, that the victims were available to work during the prescribed periods, and that the victims were newly unemployed.

29.     It was further part of the conspiracy and scheme to defraud that the defendants caused fictitious or false email addresses and phone numbers to be created or used in the fraudulent UI applications.

30.     It was further part of the conspiracy and scheme to defraud that the defendants caused BOA and other financial institutions to load UI benefits onto debit cards, and then to mail debit cards for the fraudulent UI claims to the physical addresses provided by the defendants.

31.     It was further part of the conspiracy and scheme to defraud that the defendants used false physical addresses for UI applications, such that any UI benefits that were paid by the state would be received by the defendants, rather than the victims. In some instances, the defendants used their own physical addresses in UI applications to receive the victims' UI benefits. In other

instances, the defendants used the addresses of nearby residences, residences of family or the residences of friends to receive UI applications in an effort to avoid detection by government authorities.

32.   It was further part of the conspiracy and scheme to defraud that the defendants took the fraudulently obtained debit cards and made cash withdrawals and other transactions throughout the District of Maryland.

33.   It was further part of the conspiracy and scheme to defraud that the defendants used the cash for their own benefit and for the benefit of others who also were not entitled to the money.

34.   As a result of the conspiracy, defendants, and others unknown to the Grand Jury, caused at least 213 fraudulent UI claims to be submitted in Maryland and California, resulting more than 1.6 million dollars in losses.

18 U.S.C. § 1349.

**COUNTS TWO THROUGH THIRTY**
**(Wire Fraud)**

1.     Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are

hereby incorporated by reference as though fully set forth herein.

2.     In or about February 2020 through in or about October 2021, in the District of

Maryland and elsewhere, defendants,

**MICHAEL AKAME NGWESE AY MAKOGE, a/k/a "Hype," "2Hype;"**
**DEMENTROUS Von SMITH, a/k/a "Meecho," "El Meecho;"**
**NADINE MAHORO MWAMIKAZI,**
**SKY TIFFANY LAWSON,**
**CHRISTOPHER THOMAS YANCY, a/k/a "Lil Bhris," "Lil Chris;"**
**SAYQUAN LEON BRIDGES, a/k/a "Quan;"**
**CHRISTIAN MALIK ADREA, a/k/a "Leak," "Lil Leak;"**
**STEPHAWN MALIK WATSON, a/k/a "O-Dawg;" and**
**AIYANNA MONE WASHINGTON, a/k/a "Yanna"**

for the purpose of executing and attempting to execute such scheme to defraud, did knowingly

transmit and cause to be transmitted in interstate commerce by means of a wire communication,

certain signals, signs, and sounds, for the purpose of executing the scheme to defraud, as set forth

below:

| COUNT | DEFENDANT | DATE | VICTIM | DESCRIPTION |
|---|---|---|---|---|
| 2 | Makoge | 7/24/2020 | M.Q. | Sending an electronic message with the personally identifiable information of M.Q. |
| 3 | Makoge | 7/31/2020 | R.W. | Sending an electronic message with the personally identifiable information of R.W. |
| 4 | Makoge | 10/20/20 | D.L. | Sending an electronic message with the personally identifiable information of D.L. |
| 5 | Makoge | 11/1/2020 | P.M. | Sending an electronic message with the personally identifiable information of P.M. |

| COUNT | DEFENDANT | DATE | VICTIM | DESCRIPTION |
|-------|-----------|------|--------|-------------|
| 6 | Makoge | 11/4/2020 | D.L. | Withdrawal of money from an ATM |
| 7 | Makoge | 11/23/2020 | S.C. | Sending an electronic message with the personally identifiable information of S.C. |
| 8 | Makoge | 11/24/2020 | M.Q. | Sending an electronic message with the personally identifiable information of M.Q. |
| 9 | Makoge | 11/24/2020 | S.C. | Sending an electronic message with the personally identifiable information of S.C. |
| 10 | Makoge | 11/24/2020 | S.D. | Sending an electronic message with the personally identifiable information of S.D. |
| 11 | Makoge | 12/2/2020 | S.D. | Sending an electronic message with the personally identifiable information of S.D. |
| 12 | Makoge | 12/2/2020 | S.C. | Sending an electronic message with the personally identifiable information of S.C. |
| 13 | Makoge | 4/23/2021 | M.Q. | Withdrawal of money from an ATM |
| 14 | Makoge | 5/8/2021 | L.B. | Withdrawal of money from an ATM |
| 15 | Von Smith | 8/23/2020 | K.F. | Sending an electronic message with the personally identifiable information of K.F. withdrawal of money from an ATM |
| 16 | Von Smith | 9/9/2020 | T.E. | Sending an electronic message with the personally identifiable information of T.E. |
| 17 | Von Smith | 10/6/2020 | K.F. | Withdrawal of money from ATM |
| 18 | Von Smith | 12/15/2020 | K.F. | Withdrawal of money from ATM |

| COUNT | DEFENDANT | DATE | VICTIM | DESCRIPTION |
|-------|-----------|------|--------|-------------|
| 19 | Mwamikazi | 12/2/2020 | S.C. | Submission of a fraudulent UI application |
| 20 | Lawson | 10/30/20 | P.M. | Sending an electronic message with the personally identifiable information of P.M. |
| 21 | Yancy | 7/5/2020 | K.P. | Submission of a fraudulent UI application |
| 22 | Yancy | 7/14/2020 | M.Q. | Sending an electronic message with the personally identifiable information of M.Q. |
| 23 | Yancy | 7/14/2020 | Y.Z. | Sending an electronic message with the personally identifiable information of Y.Z. |
| 24 | Yancy | 7/14/2020 | C.T. | Sending an electronic message with the personally identifiable information of C.T. |
| 25 | Bridges | 7/6/2020 | S.D. | Sending an electronic message with the personally identifiable information of S.D. |
| 26 | Adrea | 10/20/2020 | D.L. | Possessing the personally identifying information with intent to file a fraudulent UI application |
| 27 | Adrea | 12/19/2020 | K.A. | Sending an electronic message with the personally identifiable information of K.A. |
| 28 | Watson | 8/23/2020 | K.F. | Sending an electronic message with the personally identifiable information of K.F. |
| 29 | Washington | 7/26/2020 | R.W. | Sending an electronic message with the personally identifiable information of R.W. |
| 30 | Washington | 10/7/2020 | R.W. | Withdrawal of money from an ATM |

18 U.S.C. § 1343

## COUNT THIRTY-ONE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.    The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count

One of this Indictment are incorporated here.

2.    Between in or about February 2020 through in or about October 2021, in the

District of Maryland, the defendant,

### MICHAEL AKAME NGWESE AY MAKOGE,
### a/k/a "Hype," "2Hype,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another person, to wit, a debit card bearing the name of M.Q., S.C., Y.Z., S.D., and D.L. during

and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire

Fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One, Two, Four, and Six through

Fourteen of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

11

## COUNT THIRTY-TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.    The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are incorporated here.

2.    Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### DEMENTROUS VON SMITH,
### a/k/a "Meecho," "El Meecho,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, a debit card bearing the name of K.F., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One and Fifteen, Seventeen and Eighteen of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are incorporated here.

2.     Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### NADINE MAHORO MWAMIKAZI,

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, a text message with the name, date of birth, and social security number of S.C., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Nineteen of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 23 and25 through 34 of Count One of this Indictment are incorporated here.

2.     Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### SKY TIFFANY LAWSON,

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name, social security and date of birth of  S.C., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Twenty of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count

One of this Indictment are incorporated here.

2.     Between in or about February 2020 through in or about October 2021, in the

District of Maryland, the defendant

### CHRISTOPHER THOMAS YANCY,
### a/k/a "Lil Bhris," "Lil Chris,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another person, to wit, a debit card bearing the name of  K.P.;  and the name, date of birth and

social security number of M.Q. stored on the Notes section of his phone, during and in relation to

Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation

of 18 U.S.C. § 1343 as charged in Counts One, Twenty-One and Twenty-Two of this Indictment,

respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.    The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count

One of this Indictment are incorporated here.

2.    Between in or about February 2020 through in or about October 2021, in the

District of Maryland, the defendant,

### SAYQUAN LEON BRIDGES,
### a/k/a "Quan,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another person, to wit, a screenshot of the UI benefits debit card account information in the name

of  S.D., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §

1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Twenty-Five

of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are incorporated here.

2.      Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### CHRISTIAN MALIK ADREA,
### a/k/a "Leak," "Lil Leak,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, a debit card bearing the name of D.L., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Twenty-Six of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-EIGHT
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are incorporated here.

2.      Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### STEPHAWN MALIK WATSON,
### a/k/a "O-Dawg"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, a screenshot bearing the name, date of birth and social security number of K.F., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One and Twenty-Eight of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

## COUNT THIRTY-NINE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count One of this Indictment are incorporated here.

2.     Between in or about February 2020 through in or about October 2021, in the District of Maryland, the defendant,

### AIYANNA MONE WASHINGTON,
### a/k/a "Yanna,"

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, name, social security number, and date of birth of M.Q., during and in relation to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and Wire Fraud, in violation of 18 U.S.C. § 1343 as charged in Counts One, Twenty-nine, and Thirty of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(5)

### COUNT FORTY
### (Stolen Keys Adopted by the Post Office)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 23 and 25 through 34 of Count

One of this Indictment are incorporated here.

2.      On or about October 5, 2021, in the District of Maryland, the defendant

### CHRISTOPHER THOMAS YANCY,
### a/k/a "Lil Bhris," "Lil Chris,"

did knowingly and unlawfully possess a key that is suited to a lock adopted by the Postal Service

and in use of any lock box, lock drawer and other authorized receptable for the deposit or

delivery of mail matter, to wit:  a series 258 USPS arrow key with intent to unlawfully or

improperly use said key.

18 U.S.C. § 1704

20

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of a defendant's conviction on any of the offenses charged in Counts One through Thirty of the Indictment.

### Wire Fraud Forfeiture

2.      Upon conviction of any of the offenses set forth in Counts One through Thirty, the defendant,

**MICHAEL AKAME NGWESE AY MAKOGE, a/k/a "Hype," "2Hype;"
DEMENTROUS Von SMITH, a/k/a "Meecho," "El Meecho;"
NADINE MAHORO MWAMIKAZI,
SKY TIFFANY LAWSON,
CHRISTOPHER THOMAS YANCY, a/k/a "Lil Bhris," "Lil Chris;"
SAYQUAN LEON BRIDGES, a/k/a "Quan;"
CHRISTIAN MALIK ADREA, a/k/a "Leak," "Lil Leak;"
STEPHAWN MALIK WATSON, a/k/a "O-Dawg;" and
AIYANNA MONE WASHINGTON, a/k/a "Yanna,"**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to, a money judgment for each defendant representing the proceeds obtained from his or her participation in the scheme to defraud.

### Substitute Assets

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

     a.   cannot be located upon the exercise of due diligence;

b.  has been transferred, sold to, or deposited, with a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without

    difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28

U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

*Erek Barron / PSM*

Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**

Foreperson
Date:  6 / 21 / 2022

22